J-A07025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD BENNETT | : | |
| | : | |
| Appellant | : | No. 1782 EDA 2022 |

Appeal from the PCRA Order Entered June 30, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003014-1999

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 2, 2023**

Gerald Bennett appeals from the order dismissing as untimely his Post Conviction Relief Act[1] ("PCRA") petition. Bennet argues he satisfied the newly discovered fact and government interference exceptions to the PCRA time bar. We affirm.

In July 2000, a jury found Bennett guilty of third-degree murder and two counts of rape.[2] Bennett had been living with the murder victim, R.L., and R.L.'s minor daughter, A.L, who was the rape victim. The evidence included, among other things:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(c) and 3121(a), respectively.

- The testimony of A.L., which included her description of the rape, including the use of a knife and petroleum jelly, and Bennett's admissions to killing R.L.

- The testimony of an employee of the restaurant that R.L. ran to after seeing her mother's body, who testified as to A.L.'s emotional state and her statements that "my mom's dead, my mom's dead. He raped me."[3]

- The testimony of Dr. Donna Scott, an expert in the field of child sexual abuse, who testified that A.L.'s injuries and her exam were consistent with sexual intercourse and with blunt force penetrating trauma to the vagina.

- The testimony of Bennett's employer, who testified Bennett came to work the day after the murder/rape and requested his pay, asking for half of what he was owed, and said he would not be returning. She also testified that Bennett was anxious, sweating, and had bloodshot eyes.

- Testimony that the police officers found a jar of petroleum jelly and a knife in Bennett's bedroom, which was consistent with A.L.'s testimony.

- The testimony of Dr. Edward Wilson regarding his examination of R.L., including that she had been strangled and she had abrasions on her body, which could have been caused by the knife found in Bennett's room, but could also have been caused by something else.

---

[3] Trial Court Opinion, dated July 16, 2022, at 9.

Trial Court Opinion, date July 16, 2002, at 2-21.[4]

The court sentenced Bennett to 40 to 80 years' incarceration. We affirmed the judgment of sentence, and, in November 2003, the Pennsylvania Supreme Court denied his petition for allowance of appeal. Bennett filed a timely PCRA petition, which the court denied. We affirmed the denial, and the Supreme Court denied the petition for allowance of appeal. Bennett has subsequently filed numerous PCRA petitions in the intervening years.

In May 2022, Bennett filed the instant PCRA petition, alleging that a private investigator spoke with a witness, Eric Davis, who stated that he broke up a fist fight between A.L. and R.L., A.L. had been having sex with the landlord of the building, it was common for A.L. and R.L. to fight, and A.L. had threatened to kill R.L. The investigator stated that Davis said that after the murder, the police threatened him and told him not to get involved, and he was afraid the police would charge him with additional crimes. The investigator also informed Bennett that he had given Davis a blank form on which to write his statement, but that when he returned to get it, Davis's mother informed the investigator Davis had died, which the investigator allegedly confirmed with an online obituary. The investigator's affidavit was dated September 1, 2021.

---

[4] The transcripts from the trial are not in the certified record. We will use the trial court's summary of the evidence, which is not disputed. For a complete summary of the evidence, see the trial court opinion dated July 16, 2002. **See** Trial Court Opinion, date July 16, 2002, at 2-21.

Bennett stated that his trial counsel knew about Davis. Davis had refused to speak to Bennett's initial counsel and, after the court appointed new counsel, counsel informed him that Davis had been killed. Bennett alleged that he satisfied the newly discovered fact and government interference exceptions to the PCRA time bar.

The PCRA court issued a notice of intent to dismiss the petition as untimely, and Bennett filed a response. The court dismissed the petition. Bennett filed a timely notice of appeal.

Bennett raises the following issues:

> 1. Did the PCRA court err by dismissing the accuse [sic] petition without a hearing where he has adequately pleaded the newly and after discovered evidence exception to the time bar?
>
> 2. Did the PCRA court err by dismissing the accuse [sic] petition/respond without a hearing where a strong *prima facie* showing has been offered/demonstrating that a miscarriage of justice has occurred?

Bennett's Br. at v (suggested answers omitted).

Bennett alleges that in September 2021, he received an affidavit from private detective Jeffrey Stein, who had located and spoken to a potential trial witness Eric Davis. Bennett claims he had spoken with his trial counsel regarding Davis, but counsel told him that Davis had been killed. Bennett alleges that he did not doubt this until after trial counsel's testimony at a 2001 hearing on an ineffective assistance of counsel claim, where Bennett did not agree with counsel's testimony. Bennett states that 20 years later, he received the affidavit from the private investigator stating Davis was alive. He re-

iterates the allegations from the PCRA petition, that is, that the private investigator interviewed Davis, who said he knew Bennett and recalled breaking up a fight between A.L. and R.L. at their apartment and who told the private investigator that A.L. was having sex with the landlord, that it was common for A.L. to fight with R.L., and that he had heard A.L. threaten to kill R.L. Bennett claims the private investigator stated that Davis informed him that the police threatened Davis and told him not to get involved in the case. Bennett argues Davis's testimony would have proved A.L. had threatened to kill R.L. and that she had been lying when she testified that she had not been sexually active.

Bennett claims he filed his PCRA petition within one year of learning of the newly discovered fact. He also claims there was government interference, arguing he had not known a police officer spoke to Davis and threatened him. He further alleges that he acted with due diligence to discover the claim.

On appeal from a PCRA order, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

The new fact exception allows for the filing of a PCRA petition after the one-year deadline if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa.Super. 2017). Due diligence "does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may

support a claim for collateral relief." **Commonwealth v. Brensinger**, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*) (quoting **Shiloh**, 170 A.3d at 558) (internal quotation marks omitted).

To establish the governmental interference exception, a petitioner must plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]'" **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). As with the newly discovered fact exception, a petitioner must show "the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the judgment of sentence became final in 2004, when Bennett's time to seek review in the Unites States Supreme Court expired. We must therefore determine whether Bennett satisfied a time-bar exception.

The PCRA court concluded Bennett failed to plead and prove an exception to the time bar applied. It concluded Bennett did not plead and prove why he could not have "conducted his investigation into this supposed witness and discovered the testimony." Notice of Intent to Dismiss, filed May 31, 2022, at 4.

The court did not err. Bennett has not established he acted with due diligence in discovering the purportedly new evidence—Davis's alleged testimony. Although he maintains that his trial counsel told him Davis had

- 7 -

died, he also alleges that as early as 2001, he suspected this was not true and wanted to get an investigator. He does not explain why he did not do so sooner.

The trial court further found that, if Bennett had established an exception, it would find his claim lacked merit. It reasoned that there was no probability that if Davis's alleged testimony had been introduced at trial, it would have resulted in a different outcome.[5] The court pointed out that the evidence supporting the convictions for rape and murder was overwhelming and the "mere possibility that A.L. and her mother often fought, has no bearing on the fact that the evidence wholly and unequivocally demonstrated that [Bennett] was the guilty party." Notice of Intent to Dismiss Without a Hearing at 4. It reasoned that "[n]ot only did the evidence against [Bennett] include A.L.'s detailed testimony of how [Bennett] raped her repeatedly at knifepoint while telling her he had tied up and killed her mother, but it also was corroborated by the physical evidence admitted at trial." *Id.*

The court did not err. If Bennett had pleaded and proved a time bar exception, we would agree with the trial court that his claim lacked merit. Davis's alleged testimony would not have altered the outcome of the trial,

---

[5] A petitioner asserting an after-discovered evidence claim, must establish: "(1) was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) is not cumulative; (3) is not being used solely to impeach credibility; and (4) would likely compel a different verdict." *Commonwealth v. Solano*, 129 A.3d 1156, 1179-80 (Pa. 2015).

which was based on A.L.'s testimony and other physical and testimonial evidence that corroborated her testimony.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023